Arthur MORRISON, Petitioner/Appellant,

v.

Ardell J. MORRISON,
Respondent/Respondent.

No. 62512.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 16, 1993.

Application to Transfer Denied
Oct. 26, 1993.

John M. Putzel, Babione & Putzel, St. Louis, for petitioner/appellant.

Dewey S. Godfrey, Jr., St. Louis, for respondent/respondent.

REINHARD, Judge.

Husband appeals from the dismissal of his petition which sought an order finding wife in contempt and a jury trial on husband's assertion of damages resulting from wife's alleged failure to perform the obligations imposed on her by the decree of dissolution. We reverse and remand.

The marriage of the parties was dissolved by decree on June 30, 1987. As part of the distribution of property, wife was ordered to pay husband the sum of $10,000. The last page of the decree contained the following handwritten language: "Each party shall pay their own attorney's fees. [Husband]'s Korean bedspreads [and] linens, aunt's quilt, flower vase from oldest brother."

On August 24, 1987, wife filed a motion requesting the court to enter a satisfaction of judgment with respect to the $10,000 wife had tendered husband in accordance with the decree. The court sustained the motion, directing the clerk of the court to enter a satisfaction of judgment if husband had failed to do so by September 20, 1987. In its order, the court found that "[wife] ha[d] not delivered to [husband] Korean bedspreads and linens, aunt's quilt and flower vase, because she sa[id] she [did] not have them."

In July, 1990, husband filed a Motion for Nunc Pro Tunc Order seeking to correct an alleged omission in the decree. Husband wanted the court to clarify the handwritten language of the decree by adding that the bedspreads, linens, quilt, and flower vase "[were] awarded to Petitioner Arthur L. Morrison"; the motion was denied.

Husband then filed, on January 11, 1991, a document entitled "Motion to Modify" wherein he alleged that wife was last in possession of the bedspreads, linens, quilt, and flower vase left to him in the decree. He listed the fair market value of these items as $95,510. He further alleged that wife had breached the obligations imposed on her in the decree by refusing to return the items and that he had suffered damage thereby. The motion sought a jury trial for the purposes of determining the damages suffered by husband due to wife's failure to return the items; it further requested that the decree be modified to

reflect any damages awarded by a jury in husband's proposed action. Wife moved to dismiss the motion to modify. The trial court dismissed husband's motion and ordered the cause "transferred to Division One of this Court"; husband was "granted leave to amend pleading."

Husband then filed a "First Amended Pleading, Petition For Damages." Wife filed a "Motion to Dismiss or Alternatively for a More Definite Statement"; the court granted the motion to dismiss.

On appeal, husband argues that the grounds alleged in wife's motion do not support a dismissal of the case. Our examination of the motion reveals that most of wife's reasons for dismissal cite prior activity in the case; we believe that none of these arguments requires a dismissal.

We now turn to the question of whether husband pled a proper cause of action. In reviewing husband's petition, we accept as true all facts properly pled and all reasonable inferences therefrom. *Stiffelman v. Abrams*, 655 S.W.2d 522, 525 (Mo. banc 1983). A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proven, would entitle the plaintiff to relief. *White v. Mulvania*, 575 S.W.2d 184, 188 (Mo. banc 1978).

Husband's petition, although not artfully drafted, essentially alleged that: (1) the divorce decree awarded him the bedspreads, linens, quilt, and flower vase, (2) these items were last in wife's possession, (3) wife was obligated under the decree to deliver these items to husband, (4) wife breached this obligation by refusing to deliver the items, and (5) husband was thereby damaged. As to relief, husband requested that a jury be allowed to determine his damages in lieu of wife's performance of the terms of the decree and sought that wife be held in contempt.

Husband's petition for damages was brought pursuant to § 511.310, RSMo 1986. This section provides:

**511.310. Damages in lieu of performance of judgment.**—When complete justice cannot otherwise be done, the court may, on the petition of the party entitled to the benefit of a final judgment, cause an inquiry to be made by a jury of the amount of damages which ought to be paid in lieu of the performance of the judgment, and may render a judgment for the damages so assessed, and award execution thereon.

The divorce decree awarded husband the items of property listed in his petition. It is implicit in a dissolution case that a party in possession of property awarded to the other party has a duty to deliver that property upon request. In the present case, husband has alleged that wife breached her duty to deliver specific items awarded to him in the decree. Furthermore, the record shows that wife has stipulated that she has not delivered the items "because she ... [does] not have them."

Under these circumstances, we find that husband is entitled to pursue an action for damages in lieu of performance of judgment pursuant to § 511.310. Thus, we reverse the trial court's dismissal of husband's action for damages and remand the case for further proceedings.[1]

Reversed and remanded.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Additionally, we note that husband's allegations regarding contempt are insufficient to plead a cause of action; however, we do not believe that an extended discussion of husband's request for a finding of contempt is necessary.